Dear Mr. Cason:
You have requested our opinion an Attorney General's Opinion as to whether or not the Tangipahoa Parish School Board may award its employees merit pay. Pursuant to a telephone conversation with Mr. Harry Viener, he explained that you define merit pay as extra pay based on evaluations, extra pay for extra work or outstanding services, or other such situations.
Article VII, Section 14 of the Louisiana Constitution (1974) governs the manner in which the funds of the state or its political subdivisions may be expended. Article VII, Section 14(A) states, in pertinent part:
 "Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any of its political subdivisions shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . ."
If additional funds are given to a teacher as compensation based on performance for his or her services beyond those ordinarily required by a teacher, this type of payment would not be gratuitous, and additional compensation would be permissible. This office has recognized incentive pay plans which promise reasonable future compensation for future performance of public benefit to be lawful.
We find applicable language from previously released Attorney General Opinion Number 89-328:
 "Accordingly, if the bonuses were contractually stipulated based upon objective criteria for future performance of public benefit, beyond that required by normal duties, and the amount of the bonus is reasonable in relation to the benefit realized, then such bonuses will probably qualify as compensation rather than gratuities."
 If the bonuses are simply spontaneous payments for past performance, they are unconstitutional donations of public funds."
Please note that the State has the Model Career Options Program contained in LSA-R.S. 17:3901, et. seq. As listed, one of the purposes of the program is "to provide teachers with salary enhancements that reflect meritorious performance and advancement." You may consider achieving your goals through this program. However, there is no prohibition against establishing a local merit pay system as long as it is established so as to not violate Article VII, Section 14(A) or any other laws that govern school systems. Keep in mind you must consider the minimum pay schedule for teachers and the maximum hours that can be required before providing additional compensation.
In conclusion, the Tangipahoa Parish School System may award its employees merit pay in addition to their regular salary if payment is in the form of future compensation and is for services beyond those ordinarily required by a teacher. The criteria to determine merit pay may be based on evaluations or employee performance.
I trust that this answers your inquiry. If we can be of any further assistance please contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0645l